UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:03-cr-10-T-23TGW
        8:17-cv-1158-T-23TGW

KEVIN LAKEITH MARCHMAN
_____/

**O R D E R**

Marchman's moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges the validity of his convictions for one count of distributing fifty grams or more of cocaine base, for which offense he is imprisoned for 262 months.[1] Marchman mistakenly contends that, under recent Supreme Court decisions, his career offender sentence is invalid.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[2] (finding the summary dismissal of a Section 2255 motion

---

[1] Marchman's original sentence of 292 months was reduced to 262 months under the retroactive application of Amendments 706 and 711 to the United States Sentencing Guidelines. (Doc. 39 in 03-cr-10)

[2] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*). Marchman's motion to vacate lacks merit.

Marchman pleaded guilty to one count of distributing fifty grams or more of cocaine base and, under the terms of the plea agreement, he benefitted from the dismissal of six additional counts of conspiring, distributing, or possessing controlled substances. Although he qualified as a career offender under the Sentencing Guidelines, Marchman was originally sentenced to 292 months because the quantity of drugs for which he was responsible produced a higher sentencing range than his status as a career offender. Amendments 706 and 711 lowered the applicable range for calculating a sentence based on the drug quantity. As a consequence, in 2008 Marchman was re-sentenced to his present 262 months, which is based on his status as a career offender because, under the Sentencing Guidelines as amended, the career offender range is higher than the drug quantity range.

Marchman erroneously argues that, based on recent Supreme Court decisions, his prior convictions no longer qualify him for a career offender sentence. First, the

cases that Marchman cites are inapplicable because his career offender sentence is under the Sentencing Guidelines and not the Armed Career Offender Act. *See Beckles v. United States*, 137 S. Ct. 886, 895 (2017). Second, Marchman has the required two prior convictions for a controlled substance to support a career offender sentence under Section 4B1.1(a) even without considering his other prior felony convictions.[3]

Accordingly, the motion under Section 2255 to vacate the sentence (Doc. 1) is **DENIED**. The clerk must enter a copy of this order in the criminal action and close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Marchman is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Marchman must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478

---

[3] The pre-sentence reports shows that in 1999 Marchman pleaded guilty to "delivery of cocaine" and in 2004 he pleaded guilty to "possession of cannabis with intent to sell or deliver." Both convictions are a "controlled substance offense" as defined in Section 4B1.2(b). His other felony convictions, such as escape, obstructing an officer, and aggravated fleeing to elude, are inconsequential to his qualifying for a career offender sentence.

(2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Marchman is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Marchman must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 5, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE